IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONY L. SOWELL, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-020-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-FORT WORTH, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Tony L. Sowell, a federal prisoner confined in the Federal Correctional Institution in Fort Worth, Texas, (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent.[1] The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a 20-year term of imprisonment for his 1997 convictions in the Northern District of Florida for conspiracy to manufacture marijuana and attempting to manufacture marijuana.[2] Resp't's App. 26, ECF No. 7. The district court ordered that upon his supervised release, among other conditions, Petitioner "shall participate in drug and alcohol counseling, testing and screening as deemed appropriate by the probation office." Resp't's App. 29, ECF No. 7.

---

[1] This is Petitioner's second § 2241 habeas petition filed in this Court. *See Sowell v. Chandler,* No. 4:13-CV-290-Y, 2014 WL 169652 (N.D.Tex. Jan. 15, 2014) (denying petition seeking lost good conduct time resulting from withdrawal from GED program).

[2] A jury found Petitioner guilty of the charges on November 18, 1997, but he was not sentenced until February 10, 1998. Jury Verdict and J., United States v. Sowell, Criminal Docket for Case # 1:97-cr-00032-MP-1, ECF Nos. 27 & 38.

Petitioner was arrested on the instant charges while on supervised release for a prior drug-related conviction. Pet'r's Mot. 5, ECF No. 1; Resp't's App. 45, ECF No. 7. Petitioner's current projected release date is August 25, 2016. Resp't's App. 3, ECF No. 7.

By this action, Petitioner seeks admission into a Residential Drug Abuse Treatment Program (RDAP) in pursuit of early release by the Federal Bureau of Prisons (BOP) under 18 U.S.C. § 3621(e)(2)(B). Petitioner asserts that (1) he was improperly denied admittance into the RDAP by the BOP, (2) the BOP's requirement of verification of a substance abuse problem is contrary to its own policy and the *Diagnostic and Statistical Manual of the Mental Disorders* (DSM), the manual from which its standards are derived, and (3) the BOP's decision was arbitrary, capricious and violative of the Administrative Procedures Act (APA) given that inmates with "significantly lesser drug background[s] and documentation" have been accepted into the program. Pet'r's Mot. 2-10, ECF No. 1.

**II. DISCUSSION**

The BOP is required, "subject to the availability of appropriations, [to] provide residential substance abuse treatment . . . for all eligible prisoners." 18 U.S.C. § 3621(e)(1)(c). An "eligible prisoner" is a prisoner who is "(i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program." *Id.* § 3621(e)(5)(B). The statute does not define "substance abuse problem," but clearly delegates to the BOP the authority and discretion to determine who has such a problem. *Calhoun v. Warden*, 224 Fed. Appx. 333, 2007 WL 870366, at *1 (5th Cir. 2007). Toward that end, the BOP established

2

federal regulations and internal policies providing requirements for RDAP eligibility.[3]

Under the federal regulation, "[a]n inmate must have a verifiable substance use disorder" during the 12-month period leading up to his arrest, among other criteria, to be eligible. 28 C.F.R. § 550.53(b)(1). *See also* BOP's Program Statement 5330.11, Resp't's App. 11-14, ECF No. 7. Program Statement 5330.11 provides that "[r]ecreational, social, or occasional use" of drugs does not rise to the level required for verification of a substance use disorder. The inmate's drug use must indicate "problematic use . . . consistent with the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Health Disorders (DSM) criteria." To determine whether an inmate has a verifiable substance use disorder, staff reviews the inmate's central file and other collateral sources for documentation of "a pattern of substance abuse or dependence" within the twelve months prior to his arrest.

In this case, the government produced the declaration of Dr. Lawrence Sloan, a licensed Clinical Psychologist at the BOP and the Drug Abuse Program Coordinator (DAPC) at the prison, wherein he explains the relevant regulations and policies, and application thereof, to Petitioner's case:

> . . .
>
> 2.   My responsibilities as the DAPC include overall management of the FCI Fort Worth Drug Abuse Treatment Program. I evaluate inmates for the Resident Drug Abuse Treatment Program ("RDAP"), Non-Residential Drug Abuse Treatment Program ("NRDAP") and Drug Abuse Education course. Prior to being admitted into the RDAP, the inmate must satisfy the eligibility requirements delineated in Federal Bureau of Prisons ("BOP") Program State 5330.11, *Psychology Treatment Programs,* specifically, Chapter 2, Section 2.5. Most notably the inmate must have a verifiable substance use disorder.

---

[3]The regulations and policies in effective at the time Petitioner applied and was denied eligibility are applicable.

3. The screening process begins with a Drug Abuse Treatment Specialist ("DTS") preliminary reviewing an inmate's Central File and other collateral documentation to determine if there is sufficient time remaining on the inmate's sentence, if there is documentation available to verify the inmate's use of specific drugs, and if there exists verification that can establish a pattern of substance abuse or dependence. Examples of collateral documentation sufficient for independent verification include: documentation supporting a substance use disorder within the 12 month period before their current offense arrest; documentation from a probation officer, parole officer, social service professional, etc., with information verifying the inmate's substance problem within the 12 month period before the current offense arrest; documentation from a substance abuse treatment provider or medical provider who diagnosed and treated the inmate for a substance abuse disorder with[in] the 12 month period before the current offense arrest; and multiple convictions (two or more) for Driving Under the Influence or Driving While Intoxicated in the 5 years prior to his most recent arrest. The inmate is provided the opportunity to seek documentation from a substance abuse treatment provider, parole officer, social services professional, etc., which verifies a problem with illegal or illicit substances. Additionally, they are able to provide physical proof of substance use or can verify substance detoxification upon commitment to BOP custody.

4. Importantly, recreational, social or occasional use of alcohol or drugs that does not rise to the level of excessive or abusive does not provide the required verification of a substance use disorder. Any verifying documentation of alcohol or other drug use must indicate problematic use consistent with Diagnostic and Statistical Manual of Mental Disorders ("DSM") criteria.

5. If verifying documentation is located or produced, and only then, inmates who volunteer for the RDAP are personally interviewed by the DAPC to determine if an inmate has a substance use diagnosis (i.e., substance dependence and/or substance abuse) in accordance with the DSM.

6. On February 6, 1998, Petitioner Tony L. Sowell, Federal Register Number 03009-017, was sentenced to a 20 year federal term of imprisonment . . . . The Court did not recommend any substance abuse treatment while in BOP custody, but as a special condition of his 10 year term of supervision following the completion of his sentence, ordered that "defendant shall participate in drug and alcohol counseling, testing and screening as deemed appropriate by the probation officer."

7. The United States Probation Office in Petitioner's Pre-Sentence Investigation Report ("PSR") delineated that "The probation officer has no documented

4

        information indicating a history of substance abuse. However, defendant's wife told the probation officer the defendant was using marijuana at the time of his arrest on the instance offense."

8. Similarly, in Petitioner's previous PSR for a 1993 conviction . . ., Petitioner "denie[d] a history of any drug or alcohol abuse."

9. On September 20, 2012, Mr. Sowell's Central File, PSR, and other available collateral sources of documentation were reviewed by a DTS as part of his RDAP preliminary screening. It was determined that there was sufficient time remaining on his sentence; the PSR did not verify substance use, abuse or dependence the year prior to his arrest; there existed no substantiating documentation of problematic substance abuse or dependence; and that he was able to complete all the components of RDAP. I concurred with this assessment and in my clinical opinion that he does not have the requisite verifiable documented history of substance use disorder necessary for RDAP participation. His alleged marijuana use was recreational and occasional and not excessive, abusive, or indicative of substance use disorder. As verifying documentation was not found or produced, I did not perform a clinical diagnostic interview.

10. The DTS discussed the ineligibility determination with Petitioner and he was advised that although he is not eligible for the RDAP he was eligible to participate in the NRDAP. NRDAP group sessions are conducted biweekly, and utilize both psycho-educational and group therapy formats. The individualized treatment plan may include involvement in select RDAP psycho-educational groups or individual sessions. Petitioner expressed that he is not interested in the NRDAP.

11. It is my understanding that Petitioner submitted a declaration of D. Mark Pentrack, Federal Register Number 11031-023, indicating that Mr. Pentrack was approved for RDAP participation while incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania and transferred to FCI Fort Worth to participate in the program. Pentrack was appropriately placed in RDAP based upon information contained in his PSR. Therein, Pentrack reported that while he occasionally used marijuana and alcohol, he was "abusing oxycontin" and "began to use methamphetamine." On July 23, 2013, Mr. Pentrack was expelled from RDAP for inappropriate conduct.

Resp't's App. 1-5; ECF No. 7.[4]

---

[4]Although the government does not raise the issue, Petitioner asserts his claims have been
(continued...)

5

Petitioner claims that there is sufficient "documented evidence" that he suffered from a drug problem leading up to his arrest and that "once an addict, always an addict." Pet'r's Mot. 4-6, ECF No. 1; Pet'r's Traverse 2, ECF No. 8. Contrary to Petitioner's claim, there is scant evidence, if any, corroborating his self-reported information. The fact that his wife reported to his probation officer that he was using marijuana at the time of his arrest on the current offense and that he had been twice convicted for drug-related offenses are insufficient to establish "problematic use" of illegal drugs. Accordingly, it cannot be said, based on the present record, that the BOP erred in denying Petitioner's eligibility for the RDAP.

Petitioner also claims that the BOP improperly denied his RDAP eligibility by requiring verifying documentation of a drug problem because the requirement violates its own policy and the DSM. This fails to implicate a federal constitutional or statutory violation. Petitioner seeks relief under 28 U.S.C. § 2241, which states, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well settled that an inmate has no constitutionally protected right to early release before completion of his sentence under § 3621(e)(2)(B). *Rublee v. Fleming*, 160 F.3d 213, 216-17 (5th Cir. 1998). Similarly, an inmate has no constitutionally protected right to participate in rehabilitative programs such as the RDAP. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). *See also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (same); *Cook v. Wiley,* 208 F.3d 1314, 1322-23 (11th Cir. 2000) (same). Instead, eligibility to participate in an RDAP is left to the BOP's discretion under §

---

⁴(...continued)
exhausted through the BOP's administrative remedy process. Pet'r's Mot. 4, ECF No. 1. He does not however provide prison officials' written responses to his appeal for the record.

6

3621(e)(5)(B), as is the decision to reduce a prisoner's sentence by up to one-year on the successful completion of such programs. *Rublee*, 160 F.3d at 216.[5] Given the BOP's finite resources and the demand for participation in RDAP, the requirement that inmates have verifying documentation of a substance abuse problem is a reasonable interpretation of the statute.

Lastly, Petitioner claims that he was denied equal protection in violation of the APA because the BOP applies the standards for RDAP eligibility in an inconsistent and arbitrary fashion and that similarly situated inmates with little or no documented drug history have been admitted into the RDAP. Pet'r's Mot. 9-10; ECF No. 1; Pet'r's Traverse 3-5, ECF No. 8. In support, he presents the declaration of inmate D. Mark Pentrack wherein he states that he was admitted to the RDAP notwithstanding the fact that he had no documented history of drug abuse. Pet'r's Mot. Attach. "Declaration of D. Mark Pentrack" 1-2, ECF No. 1. First, under 18 U.S.C. § 3625, Congress specifically excluded § 3621 from judicial review under the APA. 5 U.S.C. § 706(2)(A); *United States v. Norman*, No. H-02-668, 2009 WL 1347028, at *1 (S.D.Tex. 2009). Second, in order to state a claim of discrimination under the Equal Protection Clause, Petitioner must demonstrate that he was treated differently than other similarly-situated inmates, and that the unequal treatment stemmed from intentional and purposeful discrimination. *Priester v. Lowndes Cnty*, 354 F.3d 414, 424 (5th Cir. 2004). Although Petitioner asserts he is the victim of prejudice and discrimination, per policy, any prisoner who wishes to participate in the RDAP must show verifying documentation of

---

[5] Petitioner's reliance on *Mitchell v. Andrews*, 235 F. Supp. 2d 1085 (E.D.Cal. 2001) (holding BOP's requirement of documentation of substance abuse during the 12-month period immediately preceding diagnostic interview, arrest or incarceration is contrary to the DSM and BOP policy and impermissible under statute or, at the very least, an unreasonable exercise of its discretion as applied to Mitchell), is unavailing. Pet'r's Mot. 6-7, ECF No. 1. The decision from another jurisdiction is not binding in this Court.

substance abuse within one year prior to his arrest. In this case, Petitioner has not shown any other inmate with similar documentation has been admitted to the program and granted a one-year sentence reduction. Inmate Pentrack's declaration is not persuasive because his eligibility was determined by FCI-Loretto in Pennsylvania and his PSR reflects that "while he occasionally used marijuana and alcohol, he was 'abusing oxycontin' and 'began to use methamphetamine.'" Resp't's App. 5, ECF No. 7.

Further, "where Congress has enacted a law that does not answer 'the precise question at issue,' all we must decide is whether the [BOP], the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez v. Davis*, 531 U.S. 230, 242 (2001) (concluding that BOP's interpretation of § 3621(e)(2)(B) so as to take into account preconviction conduct and to categorically exclude certain prisoners from RDAP is reasonable). This Court will defer to the BOP's regulations so long as they are not "arbitrary, capricious, or manifestly contrary to the statute." *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998) (citing *Chevron U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 844 (1984)). Under a rational-basis review, the BOP's decision to disqualify Petitioner from the program because there was no evidence or insufficient evidence that he had a verifiable substance abuse problem was a reasonable exercise of the BOP's discretion and prison officials' authority under the statute and the relevant regulations and policies. *Lopez*, 531 U.S. at 242; *Wottlin*, 136 F.3d at 1036-37. Petitioner's assertion of personal discrimination is not sufficient to state an equal protection claim. Because completion of the RDAP makes an inmate eligible for a sentence reduction of up to one year, inmates have an incentive to self-report substance abuse problems. 18 U.S.C. § 3621(e)(2). When determining whether an inmate has a substance abuse

8

problem, it is therefore reasonable for the BOP to require that the substance abuse problem be verified by documentation corroborating self-reported drug abuse. 28 C.F.R. § 550.56(a)(1); *Lopez,* 531 U.S. at 241-42 (statute does not limit considerations BOP can use to guide its decision). Based on the present record, the BOP's finding that Petitioner's substance abuse problem was not verified by documentation was neither arbitrary or capricious.

## III. CONCLUSION

For the reasons discussed herein, the petition of Petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this **6th** day of **May, 2014.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**